1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9

10   XEZAKIA ROUSE,                          Case No. 24-mc-80211-RS
              Plaintiff,
11
12        v.                                 **ORDER ADOPTING REPORT AND**
                                             **RECOMMENDATION AND**
13   STATE OF CALIFORNIA,                    **DISMISSING MISCELLANEOUS**
                                             **MATTER**
              Defendant.
14
15

16        This miscellaneous matter was opened when Xezakia Rouse, appearing in pro se,

17   submitted a document entitled "Motion to Adopt Sister State Judgment." Contrary to Rouse's

18   apparent belief, there is no statute, rule, or principle of law that permits a federal court to "adopt" a

19   judgment entered by a state court in another jurisdiction on the motion of a party. Under 28 U.S.C.

20   § 1963, a judgment issued by a *federal* court in one jurisdiction may be "registered" in a federal

21   court in another jurisdiction, but that procedure is not accomplished through a motion, and is not

22   applicable here because the order Rouse contends should be "adopted" was issued by an Ohio

23   state court, not another federal court.

24        More fundamentally, the Ohio court order Rouse seeks to have "adopted" here is not a

25   judgment that would be enforceable in any other federal or state jurisdiction in any event. The

26   Ohio proceeding was initiated when Rouse utilized a procedure under Ohio law where a private

27   citizen with "knowledge of the facts" may file an affidavit with a court, seeking to cause an arrest

28   or prosecution of alleged wrongdoers. *See* Ohio Rev. Code Ann. § 2935.09. Under the Ohio

United States District Court
Northern District of California

United States District Court
Northern District of California

1 | statutes, if the affidavit charges a felony, a judge reviewing it is to "forthwith issue a warrant for

2 | the arrest of the person charged," *unless* the judge "has reason to believe that it was not filed in

3 | good faith, or the claim is not meritorious. Ohio Rev. Code Ann. § 2935.10. If the judge believes

4 | the affidavit was *not* filed in good faith or is *not* meritorious, then, instead of issuing an arrest

5 | warrant, the judge is merely to "refer the matter to the prosecuting attorney . . . for investigation

6 | prior to the issuance of warrant." *Id.*

7 | In this instance, the Ohio state court judge who reviewed Rouse's submission concluded

8 | the appropriate response was to refer the matter to a prosecutor for investigation, and to that end,

9 | the order reflects that a copy of it was distributed to the Warren County Prosecutor's Office. *See*

10 | Rouse Motion, Exh. A (ECF Dkt. No. 1, p. 13). Thus, the Ohio state court order was not a

11 | "judgment" in any ordinary sense. Furthermore, to the extent the order determined legal rights and

12 | imposed a legal obligation, it was self-executing. The only thing the Ohio court ordered to happen

13 | was for the matter to be referred to the Warren County Prosecutor's office. It was so referred, and

14 | there is nothing left to be enforced, and nothing to be "adopted" in this court.

15 | Approximately one month after this matter was opened, Rouse filed an application for

16 | entry of default against the State of California. See Dkt. No. 4. Rouse asserted that the State had

17 | been served with the "Motion to Adopt Sister State Judgment," and had filed no response. Rouse

18 | argued a response was due within four days of service under the rules applicable to Administrative

19 | Motions, or fourteen days if treated as an ordinary motion, or twenty-one days, under the rules

20 | applicable to complaint. Rouse's default application was filed after the expiration of all of those

21 | time periods.

22 | The Clerk correctly denied the application, however, because the State of California was

23 | under no obligation to respond to the motion. Before any person or entity is required to respond to

24 | motions, it must first be joined as a party to an action by service of summons and complaint in

25 | which it is named as a defendant. Rouse filed no complaint here, and no summons was served or

26 | even issued.

27 |

28 |

United States District Court
Northern District of California

1    Shortly after the Clerk declined to enter default, the magistrate judge to whom this

2    miscellaneous matter was randomly assigned upon filing issued an order explaining the reasons

3    Rouse's "Motion to Adopt Sister State Judgment" did not present any basis for relief. See Dkt. No.

4    6. The magistrate judge's order provided Rouse an opportunity to respond and show cause why

5    this matter should not be dismissed.

6    Rouse next filed a request for extension of time to respond to the order to show cause. See

7    Dkt. No. 8. The request asserted, among other things, that the court itself had served "Respondent"

8    with Rouse's underlying motion. Rouse is mistaken. At no time has the court or court personnel

9    served any documents in this matter on any person other than Rouse. Rouse further asserted that

10   the order to show cause had not been served on him on the day it was issued, even though it had

11   been served on respondent and the record "online" purportedly said "all parties were served."

12   Again, Rouse is mistaken. The Notice of Electronic Filing generated when the order to show cause

13   was filed states: "Any non-CM/ECF Participants have been served by First Class Mail to the

14   addresses of record listed on the Notice of Electronic Filing (NEF)." The notice then indicated no

15   person had been served by electronic mail, and listed Rouse (with his mailing address) as someone

16   who was not sent electronic mail (because Rouse is not a CM/ECF participant) and who therefore

17   was served by First Class Mail. Although Rouse contends he did not receive notice until quite

18   sometime later, there is no basis to conclude it was not mailed the same day the order was filed.

19   Even assuming there could have been some delay in mailing the notice to Rouse, he was

20   not prejudiced, as the magistrate judge granted his request for additional time to respond. Rouse's

21   response set out various legal principles he contended should be applied to permit him to pursue a

22   remedy in this matter. None of his arguments, however, are sufficient to overcome the facts that

23   the Ohio order, (1) has already given him all the relief he is entitled to under Ohio law (a referral

24   to the Warren County Prosecutor's office), (2) is not a judgment of a federal court subject to

25   registration in this district, and (3) it is not a judgment subject to enforcement in another

26   jurisdiction at all.

27   Moreover, most of Rouse's arguments are premised on his repeated claim that an Ohio

28

judge has already found his accusations have "probable cause." Rouse again misunderstands. The Ohio judge expressly stated the statute would require him to issue an arrest warrant unless he concluded the affidavit either was not submitted in good faith or otherwise lacked merit. By not issuing a warrant, and instead referring the matter to the prosecutor for investigation, the Ohio court implicitly found the affidavit did *not* have merit.

The same day that Rouse responded to the order to show cause, he filed a "motion for default judgment," in effect asking the court to overrule the Clerk's denial of entry of default. See Dkt. No. 11. That motion lacked merit for the same reasons discussed above as to why it was proper for the Clerk to deny entry of default.

Rouse also submitted two documents, which were filed together under Dkt. No. 12. The first was labeled as a "Demand for Summary Judgment for Lack of Challenge by Respondent." It argues summary judgment in Rouse's favor is warranted because the Ohio court purportedly found Rouse's allegations have merit, and "respondent" has not challenged that here. As explained above, Rouse is mistaken both as to the significance of the Ohio court's order and as to the obligation of any "respondent" to participate in this proceeding.

The second document is entitled "Inquiry for Clarity." It again asserts, mistakenly, that the Ohio court determined the claims have merit and insists, incorrectly, that "respondent" had an obligation to respond here. The document also repeats Rouse's incorrect belief that this court "re-served the respondent."

Following Rouse's filing of his response to the order to show cause and the documents appearing under Docket Nos. 11 and 12, the magistrate judge issued a report and recommendation that this matter be dismissed, and the various motions denied. See Dkt. No. 13. The matter was then randomly reassigned to the undersigned for disposition.

Rouse next filed a document entitled "Petitioner's Combined Requests for Court Entry of Default on Docket 11 and 12." Rouse insisted he was entitled to relief because there had been no response to his original filing or his filings at Docket Nos. 11 and 12. Apparently based on the docket entries in ECF that included the standard briefing schedules set by the Civil Local Rules,

Rouse argued that the court had specifically ordered the State of California to respond to Docket Nos. 11 and 12. The fact that the standard briefing schedule was automatically included in the docket entries, however, was not an order by the court for a response, and did not create any obligation to respond. Again, there simply is no complaint in this proceeding naming California as a defendant, which means no summons was or could have been issued, and no summons has been or could have been served.

Rouse then filed a request for an extension of time to file his objections to the Report and Request. Although the extension request included some additional incorrect descriptions of the procedural history, Rouse was granted a lengthy extension, designed to accommodate any delays resulting from the mail and the holiday season.

Prior to the expiration of the extended deadline for objections to the Report and Recommendation, Rouse submitted another copy of the "Inquiry for Clarity" that previously had been filed as part of Docket No. 12. See Dkt. No. 18. At the same time, Rouse submitted a document entitled "Notice to Court of Procedural Due Process Defect by Magistrate Court." See Dkt. No. 19. Shortly thereafter, Rouse filed a "Notice of Clerical Error" in which he stated the document filed at Docket No. 18 was actually supposed to be an exhibit to Docket 19. See Dkt. No. 20.

The main thrust of Docket Nos. 19 and 20 is an accusation that the magistrate judge failed to file the "Inquiry for Clarity" when it was originally submitted with the "Demand for Summary Judgment" at Docket No. 12, and that the magistrate judge was thereby deliberately attempting to hide the contents of that document from the undersigned. The accusation is meritless. First, judges are not involved in the Clerk's office procedures by which documents received from parties by mail are filed in the record. Moreover, it is simply not true that the Inquiry for Clarity was not filed at the same time as the "Demand for Summary Judgment." As discussed above, both documents appear under Docket No. 12. Rouse's additional contention that the magistrate judge erred by not treating his filings as motions to which no timely opposition was submitted is meritless, for the reasons previously explained.

Finally, Rouse's objections to the Report and Recommendation (Dkt. No. 21) offer nothing that overcomes the dispositive flaws in his "Motion to Adopt Sister State Judgment" discussed above. Rouse describes the wrongs he contends he has suffered at the hands of Napa County authorities. Contrary to his argument, the Ohio court did not find there was merit to Rouse's claims. Even if such wrongdoing has taken place, however, it cannot be addressed by asking a federal court to somehow adopt or enforce the Ohio court's order, which has already been carried out, by its own terms.[1]

Accordingly, the Report and Recommendation of the magistrate judge is adopted in full. All pending motions are denied, and this miscellaneous matter is dismissed. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 6, 2025

RICHARD SEEBORG
Chief United States District Judge

---

[1] Rouse's objections to the Report and Recommendation include a new request for an order providing "at a minimum" that he has a right to have his "citizen's complaint" heard under California Penal Code Section 832.5. That provision of the Penal Code requires California law enforcement agencies to "establish a procedure to investigate complaints by members of the public against the personnel of these departments or agencies, and [to] make a written description of the procedure available to the public." Whatever rights Rouse has under that statute exist without court action. Even assuming a state agency's compliance with the statute was reviewable in federal court (which is doubtful, given the Eleventh Amendment and other potential barriers) a plaintiff would have to proceed by filing a complaint, not a "motion to adopt sister state judgment."